IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

WILLIAM L. COOK, #11433-007

    Petitioner                                 :

    v.                                          :          Civil Action No. DKC-07-274

U.S PAROLE COMMISSION,        :
       and
LISA J.W. HOLLINGSWORTH      :

    Respondents                         :
                                            o0o

**MEMORANDUM**

Pending is a pro se 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by William L. Cook, a District of Columbia Code offender incarcerated at F.C.I. Cumberland. Cook claims that the United States Parole Commission has violated his due process rights by denying him parole. As relief, he asks this court to order the Commission to release him on parole. Counsel for Respondents has filed an opposition response.[1] The court will deny the Petition by separate Order.

**I. Background**

On May 9, 1989, Petitioner was sentenced in the District of Columbia Superior Court to a term of thirteen to thirty-nine years after he pleaded guilty to the offense of second-degree murder while armed. Petitioner shot his victim in the head on April 2, 1988, after the victim told him he was $15.00 short of the purchase price to buy cocaine from Cook.

Petitioner became eligible for parole on the sentence on October 17, 1997. On June 10, 1997, Cook appeared before the District of Columbia Board of Parole. The Board denied parole

---

[1] Cook does not challenge his underlying criminal offense or his criminal history in this petition. Consideration of Counsel's request for an order to seal the Pre-Sentence Report (PSR) is unnecessary. (Paper No. 8). The PSR has not been filed in this case. Review of the PSR does not appear necessary for disposition of the due process claim raised here by Petitioner.

and ordered reconsideration on February 3, 2002. In reaching its decision, the Board noted Petitioner's three prior convictions. The convictions included drug-related offenses for which Cook was on parole at the time of the murder. Cook also acknowledged at the hearing that he regularly used illegal drugs and occasionally alcohol. Respondents' Ex. E. The examiner also noted that Cook stated the victim's death was accidental.

On August 5, 1998, the United States Parole Commission ("Commission") assumed responsibility for determining parole release decisions for eligible D.C. Code Offenders.[2] On February 12, 2002, Petitioner appeared before a Commission hearing examiner for a reconsideration hearing. The Commission examiner used the D.C. Board guidelines that were applied to Cook at the initial parole hearing.[3] The examiner discussed Cook's offense and institutional adjustment. The examiner noted that Cook had incurred five disciplinary infractions during incarceration. Petitioner indicated remorse for his offense.

At the conclusion of the reconsideration hearing, the Commission examiner recommended paroling Petitioner on August 3, 2002, as suggested by the guidelines. Respondents' Ex. G. The Commission's executive hearing examiner disagreed, recommending that parole be denied and Petitioner continued for reconsideration in sixty months. On March 15, 2002, the Commission

---

[2] The U.S. Parole Commission assumed jurisdiction over District of Columbia felony prisoners pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No 105-33§ 24-131(a). The Act requires the Commission to follow existing District of Columbia parole law and regulations, and authorizes it to amend or supplement the regulations. *See* D.C. Code § 24-131(a)(1); *see also* 28 C.F.R. §2.70 *et seq*.

[3] In 1987, the D.C. Board of Parole promulgated guidelines that use a point score to assist in assessing parole determinations. *See* District of Columbia Municipal Regulations, May 1987, Respondents' Ex. K. In regard to inmates such as Cook who received their initial parole hearings before the D.C. Parole Board, the U.S. Parole Commission evaluates parole eligibility under the D.C. Board Guidelines. *See* 28 C.F.R. § 2.80(a)(4).

adopted the recommendation of the Executive Hearing Examiner.  The Commission stated the following reasons for its decision outside the parole guidelines:

> [Y]ou are a more serious risk than indicated by your grid score in that less than 2 months after being released on parole for multiple offenses, including distribution of drugs, you again began distributing drugs. During a drug sale, in which the victim had $15.00 less than the required purchase price for the drugs and requested that you sell him the drugs anyway since you could get the money from him later, you responded by shooting him in the forehead which caused his death. This action reveals callous disregard for human life and leads the Commission to conclude that an extended term of confinement is necessary to protect the public from a reoccurrence of such unreasonable violence.

Respondents' Ex. H & G.

Petitioner's parole rehearing was conducted on December 11, 2006.  At the hearing, Petitioner admitted to killing the victim and expressed remorse for his actions.  The Commission examiner indicated that Petitioner's institutional adjustment was average and he was eligible for a one-point deduction for program achievement.  The examiner recommended denying parole and continuing Cook for rehearing in thirty-six months.  The Commission adopted the recommendation on December 29, 2006.  In its statement of reasons, the Commission wrote:

> You continue to be scored under the 1987 guidelines of the D.C. Board of Parole. Those guidelines indicate that parole should be granted at this time.  After consideration of all factors and information presented, a departure from the guidelines at this consideration is warranted because you are a more serious risk than indicated by your grid score in that less than 2 months after being released on parole for multiple offenses, including distribution of drugs, you again began distributing drugs. During a drug sale in which the victim had $15 less than the required purchase price for the drugs and requested that you sell him the drugs anyway since you could get the money from him later, you responded by shooting him in the forehead which caused his death.  This action reveals a callous disregard for human life and leaves the Commission to conclude that an extended term of confinement is necessary to protect the public from a reoccurrence of such unreasonable violence.

Respondents' Ex. J.

**II.  Analysis**

**A. Scope of Review**

Judicial review of U.S. Parole Commission decisions are limited to whether there has been an abuse of discretion. *Garcia v. Neagle*, 660 F.2d 983, 989 (4th Cir.1981) ( "Where the controlling statute indicates that a particular agency action is committed to agency discretion, a court may review the action if there is a claim that the agency has violated constitutional, statutory, regulatory or other restrictions, but may not review agency action where the challenge is only to the decision itself.") (citing *Barolow v. Collins*, 397 U.S. 159, 165 (1970); *Morris v. Gressette*, 432 U.S. 491, 500-01 (1977)).   Further, under District of Columbia law, there is no judicial review of parole decisions on the merits of the Commission's decision. *See Stevens v. Quick*, 678 A. 2d 28, 231 (D.C. 1996) (ruling there is no review of the merits of the Commission's decision, only whether the prisoner has been deprived of any legal rights to which he is entitled); *Smith v. Quick*, 680 A. 2d 396, 398 (D.C. 1996) (limiting review to procedures used to deny parole).

**B.  Due Process Claim**

Cook claims that he is entitled to parole because he has maintained a satisfactory institutional record, including completion of various BOP programs for drug addiction and treatment. Petition, p. 3.  Contrary to Cook's assertions, this does not confer on him a liberty interest in parole.[4]

The Constitution does not create a liberty interest in parole.  *See Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence.").  In order for Cook to prove a due process violation, there must therefore be a liberty interest in parole found in District of Columbia law.  There is, however, no constitutionally protected liberty interest in parole under

---

[4] The case law Cook references interprets 18 U.S.C. §4206, and is inapplicable here because Cook was sentenced under the D.C. Code, not the U.S. Code.

D.C. law. [5] *See Simmons v. Shearin*, 295 F. Supp. 2d 599, 602 (D. Md. 2003) (holding that D.C. parole statue and regulations do not create a liberty interest in parole); *Price v. Barry*, 53 F.3d 369, 370 (D.C. Cir. 1995) (holding that the D.C. Code does not create an expectation of release); *Ellis v. District of Columbia*, 84 F.3d 1413, 1420 (D.C. Cir. 1996) (inmates do not have a liberty interest in parole from a lawful D.C. Code sentence). As a matter of law, Cook's claim of entitlement to parole is without merit.

In this case, the record shows that although the D.C. Parole Guidelines would support granting parole, the Commission, acting within its statutory discretion, departed from the guidelines. Further, the Commission specified in writing the factors on which the departure was predicated in accordance the D.C. Board of Parole Guidelines.[6] *See* 28 D.C.M..R. § 204.22; [7] Respondents' Ex. K; *see also McRae v. Hyman*, 667 A.2d 1356, 1361 (D.C. 1995). The Commission did not abuse its discretion and there is no basis to award habeas corpus relief.


   July 6, 2007                                                    /s/
Date                                                  DEBORAH K. CHASANOW
                                                            United States District Judge

---

[5] The D.C. parole statute at issue here, D.C. Code § 24-404(a), formerly codified at D.C. Code § 24-204(a), provides that parole may be authorized when, among other factors, "it appears that the prisoner will live and remain at liberty without violating the law, [and] that his release is not incompatible with the welfare of society."

[6] *See Supra*, p. 3.

[7] 28 D.C.M.R. §204.22 provides that in the event of departure from the guidelines, the Commission "shall specify in writing those factors which it used to depart from the strict application of the provisions of this chapter." Respondents' Ex. K, p. 2-8.